UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK KENDRICK,<br>    Plaintiff, | Case No. 1:21-cv-266 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN RONALD<br>T. ERDOS, *et al.*,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a pro se inmate, filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint. (Doc. 1). Noting that plaintiff had paid the filing fee, the undersigned denied the motion to proceed *in forma pauperis* as moot. (Doc. 7). However, plaintiff's complaint (Docs. 1-1, 1-2) failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, on April 26, 2021, the Court ordered plaintiff, if he wished to proceed in this action, to file an amended complaint, which must not exceed 20 pages in length, setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim within thirty (30) days. The Court further directed plaintiff that, as required by S.D. Ohio Local Rule 5.1, the amended complaint should be legible and double-spaced. (Doc. 7).

This matter is currently before the Court on plaintiff's motion for extension of time to respond to the Court's Deficiency Order (Doc. 8), plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 9), and plaintiff's May 17, 2021 letter submission to the Court (Doc. 10).

    A.    **Motion for Extension of Time**

The Court hereby **GRANTS** plaintiff's motion for extension of time (Doc. 8) **to the extent that** plaintiff shall have **thirty (30) days** from the date of the filing of this Order in which

to file an amended complaint should he wish to proceed with the action. Further, the **Clerk of Court** is hereby **DIRECTED** to send plaintiff a copy of the initial complaint (Docs. 1-1, 1-2) that he filed in this action and that is the subject of the Court's April 26, 2021 Deficiency Order. Plaintiff's motion for extension of time (Doc. 8) is **DENIED in all other respects**.

**B.  Motion for a Preliminary Injunction and Temporary Restraining Order**

The Court next addresses plaintiff's motion for a preliminary injunction and temporary restraining order. (Doc. 9). In that motion, plaintiff requests an Order requiring relief in regard to his medical care; the safety of his work environment; and his access to grievance forms, the law library, other legal assistance, and his legal materials. (Doc. 9).

In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors

are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case. As an initial matter, plaintiff has not complied with the Court's April 26, 2021 Deficiency Order directing plaintiff to file a single, comprehensive complaint setting forth all of plaintiff's claims and defendants. (Doc. 7). "[O]nly after a complaint has been filed and the action commenced can preliminary injunctive relief be sought." *Knapp v. L.A. Cty. Sheriff's Dep't,* No. CV 17-3859-JAK (PLA), 2017 WL 10521421, at *2 (C.D. Cal. June 27, 2017).

Furthermore, a preliminary injunction is not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) -- would not be served. The remedy plaintiff seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring the correction of deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id*.

Accordingly, it is **RECOMMENDED** that plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 9) be **DENIED without prejudice** to refile at a later time, if appropriate.

### C. Letter Submission

Finally, on May 17, 2021, plaintiff submitted a letter to the Court (Doc. 10), seeking miscellaneous relief. All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or a motion, *see* Fed. R. Civ. P. 7(b). Because plaintiff's letter is neither a pleading nor a motion, it will not be considered by the Court, except to the extent that plaintiff requests copies of the Court's Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form and form civil rights complaint packet. (*See* Doc. 10, at PageID 206 (indicating that plaintiff "h[as] come to the conclusion that it would be more beneficial to [his] party to separate the complaints into 3 different suits")). The **Clerk of Court** is hereby **DIRECTED** to send plaintiff three copies of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form and three copies of the form civil rights complaint packet.[1]

---

[1] The Court is aware that plaintiff's letter requests four copies of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form and the form civil rights complaint packet. (Doc. 10, at PageID 207). However, plaintiff indicates that his intention is to divide his complaint into three different lawsuits. (*See* Doc. 10, at PageID 206). Thus, plaintiff's request for copies is **DENIED** to the extent he seeks more than three copies of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form and the form civil

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 9) be **DENIED without prejudice** to refile at a later time, if appropriate.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for extension of time (Doc. 8) is **GRANTED to the extent that** plaintiff shall have **thirty (30) days** from the date of the filing of this Order in which to file an amended complaint should he wish to proceed with the action. The **Clerk of Court** is hereby **DIRECTED** to send plaintiff a copy of his initial complaint (Docs. 1-1, 1-2). Plaintiff's motion for extension of time (Doc. 8) is **DENIED in all other respects**.

2. Because plaintiff's letter submission (Doc. 10) is neither a pleading nor a motion, it will not be considered by the Court, except to the extent that plaintiff requests copies of the Court's Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form and form civil rights complaint packet. The **Clerk of Court** is hereby **DIRECTED** to send plaintiff three copies of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form and three copies of the form civil rights complaint packet. Plaintiff's letter request for copies is otherwise **DENIED.**

*Stephanie K. Bowman*
_____
Stephanie K. Bowman
United States Magistrate Judge

---

rights complaint packet. Moreover, although in the interests of justice and on this one occasion the Court has granted in part plaintiff's request for copies of these two forms, and has granted his request for a copy of his initial complaint, the Court notes that plaintiff's constitutional right of access to the courts does not include unlimited free photocopying services. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). Accordingly, any future request for copies may be denied.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARK KENDRICK,
    Plaintiff,

vs.

WARDEN RONALD
T. ERDOS, *et al.*,
    Defendants.

Case No. 1:21-cv-266

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).