UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK KENDRICK, <br>     Plaintiff, | Case No. 1:21-cv-266 |
| vs. | Barrett, J. <br> Bowman, M.J. |
| WARDEN RONALD <br> T. ERDOS, *et al.*, <br>     Defendants. | **ORDER AND REPORT** <br> **AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights action under 42 U.S.C. § 1983 and Ohio state law.[1] Noting that plaintiff's initial complaint consisted of a form complaint; a single-spaced attachment, which was 43-pages long; and 55 pages of exhibits, the undersigned ordered plaintiff to file a single, double-spaced, comprehensive complaint, which must not exceed 20 pages in length, setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim. (Doc. 7). *See* F. R. Civ. P. 8(a); *see also* S.D. Ohio Local Rule 5.1. Plaintiff has now complied with the Court's Deficiency Order.[2]

This matter is now before the Court for a *sua sponte* review of the amended complaint to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of

---

[1]Although plaintiff initially filed a motion for leave to proceed *in forma pauperis* (Doc. 1), he later paid the filing fee. Accordingly, the Court denied his motion for leave to proceed in forma pauperis as moot. (Doc. 7).
[2]Plaintiff's amended complaint (Doc. 13) is the "legally operative complaint." *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000).

1995 § 805, 28 U.S.C. § 1915A(b).

I.       **Screening of Amended Complaint**

    A.       **Legal Standard**

As the undersigned previously noted, plaintiff has paid the filing fee in this action. Although plaintiff has paid the filing fee, the Court is required by statute to screen the amended complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or states a claim against a person who is immune from suit. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

2

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

3

### B.  Plaintiff's Allegations

Plaintiff brings claims against Ohio Department of Rehabilitation and Correction (ODRC) Director Annette Chambers-Smith, in her official capacity, SOCF Warden Ronald T. Erdos, in his individual and official capacities, SOCF Deputy Warden Ms. B. Joseph, in her individual and official capacities, SOCF staff member Linnea Mahlman, in her individual and official capacities, SOCF Health Care Administrator Ms. Goodwin, in her individual capacity, and SOCF staff members Larry Greene, Lisa Reuter, David Conley, and Nathan Ross, in their individual capacities.  (*See* Doc. 13, at PageID 224-27).

Plaintiff alleges that he has used a daily inhaler and an emergency inhaler to treat his asthma since 2010 or 2011, and that he has suffered from migraines and knee pain since 2017, when he was allegedly assaulted by two prisoners at the Wayne County Jail.  (Doc. 13, at PageID 229).

Plaintiff claims that, upon his arrival to SOCF, defendant David Conley took away his headache medication, Imitrex, as well as his daily inhaler.  According to plaintiff, Imitrex is the only medication that has helped his migraines.  Plaintiff alleges that he complained during the summer of 2020, but his complaints were denied.  (Doc. 13, at PageID 230).

Plaintiff alleges that on October 8, 2020, he went to medical for knee pain, migraines, and breathing issues and was seen by defendant Nathan Ross.  Plaintiff states that Ross offered plaintiff "Ellavil," which plaintiff claims is a psychotropic drug, but denied plaintiff's requests for pain medication and an inhaler.  (Doc. 13, at PageID 229).  Plaintiff states that Ross told him that "they were trying to find a 'side effect'" from the Ellavil that "sometimes help[ed] with pain and migrain[e]s."  (Doc. 13, at PageID 230).  Plaintiff alleges that he terminated the visit

4

because he did not want to take medication that would affect "the way his mind works." (Doc. 13, at PageID 229).

Plaintiff asserts that he begged through the grievance procedure not to take the Ellavil but, on January 22, 2021, reluctantly took the medication for his pain. (*See* Doc. 13, at PageID 231-32). Plaintiff states that "forcing a prisoner to submit to a treatment through pain after he [h]as made it clear that he was not consenting to take a medication" is a violation of ODRC policy. (Doc. 13, at PageID 233).

Plaintiff alleges that four days after taking the Ellavil, on January 26, 2021, during a follow-up visit with a nurse for a work injury that he had sustained on January 21, 2021, it was discovered that plaintiff's heart rate was 148 beats per minute. Plaintiff claims that he was placed in the infirmary for three days for "tacycardia" and that, while he was there, nurses checked on him every three to four hours "to make sure [he] didn't die." (Doc. 13, at PageID 231-33). Plaintiff alleges that his placement in the infirmary was retaliation for his filing grievances against the medical staff. (Doc. 13, at PageID 233).

Plaintiff claims that he has also been treated with "Tegretal," a seizure medication that he asserts is also used as a psychotropic drug. Plaintiff states that he does not have seizures and that the Tegretal caused his hands to shake. (Doc. 13, at PageID 230). Plaintiff further states that while on Tegretal he was subjected to constant blood tests. (Doc. 13, at PageID 233). Plaintiff claims that, after he raised his concerns about the Tegretal, defendant Conley convinced plaintiff to take "lo pressor," a blood pressure medication. Plaintiff states that he does not have "bad blood pressure" and that the blood pressure medication caused chest pain. Plaintiff alleges he was given two EKGs before stopping the medication. (Doc. 13, at PageID 230). Plaintiff

5

claims that he has interviewed many inmates at SOCF who have also received Tegretal and Ellavil. (Doc. 13, at PageID 231). Additionally, plaintiff claims that high doses of Naproxen, acetaminophen, ibuprofen, and Mediproxen have not helped his pain (*see* Doc. 13, at PageID 236), and that his requests for an MRI have been denied (Doc. 13, at PageID 229).

Plaintiff alleges that during a chronic care visit on March 23, 2021, he informed defendant Ross that he did not have an emergency inhaler. Plaintiff claims that as of the date of writing of his amended complaint, he was still without an emergency inhaler and had had four asthma attacks. (Doc. 13, at PageID 230). Plaintiff alleges that he hid his other conditions at the March 23, 2021 chronic care visit because he was afraid of being placed in medical and separated from his witnesses and legal work. (Doc. 13, at PageID 231).

Plaintiff alleges that SOCF, Joseph, Mahlman, Greene, Reuter, and Erdos have obstructed the grievance process and failed to verify whether his grievances made it to the chief inspector. (Doc. 13, at PageID 232). Plaintiff also alleges that defendant Goodwin has denied plaintiff's requests for medical records, leading plaintiff to believe that his medical records will be altered. (Doc. 13, at PageID 228). Plaintiff asserts that, through his grievances, SOCF, Mahlman, Goodwin, Joseph, Greene, and Ross were aware that he was being denied medical treatment and that he was concerned that he was being subjected to medical experimentation. (Doc. 13, at PageID 234). Plaintiff alleges that defendant Reuter would not assist him in accessing AR [administrative remedy] forms on the library computer. (Doc. 13, at PageID 238).

For relief, plaintiff seeks damages and injunctive relief. (Doc. 13, at PageID 246-49).

Based on the above allegations, plaintiff brings the following four claims: (1) SOCF,

6

ODRC[3] and Mahlman were deliberately indifferent by promulgating a policy or custom to obstruct access to the grievance procedure (Count One); (2) SOCF, ODRC, and Goodwin were deliberately indifferent by promulgating a policy or custom not to provide adequate medical care to inmates with documented medical conditions (Count Two); (3) Conley and Ross were deliberately indifferent and negligent, under state law, by prescribing medications for ailments plaintiff did not have, which caused injuries to plaintiff, by taking away his daily inhaler and continuing to deny the inhaler "after being inform[ed] [plaintiff] was struggling to breath[e]," by denying plaintiff an emergency inhaler, by failing to properly investigate plaintiff's injuries through an MRI, and, as to defendant Conley, by discontinuing the drug Imitrex for plaintiff's migraines upon plaintiff's arrival to SOCF (Count Three); and (4) SOCF, Greene, Mahlman, Joseph, Goodwin, and Reuter were deliberately indifferent, failed to protect plaintiff, violated his due process rights, and denied him access to the courts by obstructing and failing to respond to plaintiff's grievances (Count Four). (Doc. 13, at PageID 240-46).

At this juncture, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed with his medical claims in Count Three against defendants Conley and Ross, in their individual capacities, and, in an abundance of caution, with his deliberate-indifference claims in Count Two against defendants Chambers-Smith, in her official capacity,

---

[3]Neither SOCF nor ODRC are proper parties to this action. *See, e.g.*, *Parker v. Michigan Dep't. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003). However, liberally construing the allegations in plaintiff's amended complaint, the Court understands plaintiff's claims against SOCF and ODRC to be, respectively, against defendant Erdos, who plaintiff alleges is "hereinafter Defendant S.O.C.F.," and defendant Chambers-Smith, who plaintiff alleges is "hereinafter Defendant O.D.R.C.," in their official capacities (*see* Doc. 13, at PageID 225). Notably, although plaintiff also purports to sue defendant Erdos in his induvial capacity (*see* Doc. 13, at PageID 224), plaintiff's amended complaint does not contain any claims against Erdos in his individual capacity (*see* Doc. 13, at PageID 240-46). Accordingly, it is recommended that the Court order that the docket sheet be updated to reflect that Erdos is being sued in his official capacity only.

Erdos, in his official capacity, and defendant Goodwin, in her individual capacity.[4] However, the amended complaint is subject to dismissal in all other respects.

As an initial matter, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh

---

[4]In an abundance of caution, the Court finds that plaintiff may proceed on Count Two at this juncture based on his allegations of an alleged policy or custom at SOCF to use psychotropic or other experimental drugs for the treatment of pain. (*See* Doc. 13, at PageID 230). However, to the extent plaintiff has tried in Count Two to couch a policy claim based on an alleged failure to act (*see* Doc. 13, at PageID 241), plaintiff has failed to state a claim upon which relief may be granted. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Next, Count One should be dismissed in its entirety. Plaintiff claims that ODRC, SOCF, and Mahlman were deliberately indifferent by promulgating a policy or custom to obstruct access to the grievance procedure. (Doc. 13, at PageID 240). However, there is no right under the Constitution to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility*, No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma*, No. 1:11 cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris*, No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer*, 80 F. App'x. 427, 430 (6th Cir.

2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000). Count One, therefore, fails to state a claim upon which relief can be granted and is subject to dismissal.

    Count Four is likewise subject to dismissal in its entirety. In Count Four, plaintiff alleges that SOCF, Greene, Mahlman, Joseph, Goodwin, and Reuter were deliberately indifferent, failed to protect plaintiff, violated his due process rights, and denied him access to the courts by obstructing and failing to respond to plaintiff's grievances. For the reasons stated in addressing Count One, Count Four fails to state a claim for relief to the extent plaintiff seeks to hold defendants liable based on their alleged obstruction of or failure to respond to his grievances. *See Hill*, 2012 WL 1639991, at *2. Nor can plaintiff state a claim against defendants based on their alleged denial of his grievances. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Martin v. Harvey,* No. 00–1439, 2001 WL 669983, at *2 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Similarly, a prison official's alleged failure to adequately investigate claims of misconduct does not rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir.1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).

    Additionally, to the extent that plaintiff is asserting in Count Four that, because of the alleged obstruction of the grievance process, he is unable to exhaust his administrative remedies and thus is unable to file a claim in federal court (*see* Doc. 13, at PageID 234), the claim is also without merit. While the Prison Litigation Reform Act's exhaustion requirement is

10

"mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.").

Finally, because plaintiff's amended complaint does not contain any claims against defendant Erdos in his individual capacity (*see* Doc. 13, at PageID 240-46), the Court should order that the docket sheet be updated to reflect that defendant Erdos is sued in his official capacity only.

Accordingly, in sum, the undersigned concludes that plaintiff may proceed at this juncture with his medical claims in Count III against defendants Conley and Ross, in their individual capacities, and with his deliberate-indifference claims in Count Two against defendants Chambers-Smith, in her official capacity, Erdos, in his official capacity, and defendant Goodwin, in her individual capacity, based on plaintiff's allegations of an alleged policy or custom at SOCF to use psychotropic or other experimental drugs for the treatment of pain. However, for the above-stated reasons, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. § 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The amended complaint (Doc. 13) be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1), with the exception of plaintiff's medical claims in Count III against defendants Conley and Ross, in their individual capacities, and his deliberate-indifference claims in Count Two against defendants Chambers-Smith, in her official capacity, Erdos, in his official

capacity, and defendant Goodwin, in her individual capacity, based on plaintiff's allegations of an alleged policy or custom at SOCF to use psychotropic or other experimental drugs for the treatment of pain. *See* 28 U.S.C. § 1915A(b).

2. Because plaintiff's amended complaint does not contain any claims against defendant Erdos in his individual capacity, the Court should **ORDER** that the docket sheet be updated to reflect that Defendant Erdos is sued in his official capacity only.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the amended complaint (Doc. 13), summons, and this Order and Report and Recommendation upon defendants Conley, Ross, Chambers-Smith, Erdos, and Goodwin, as directed by plaintiff (*see* Doc. 4, 4-1). All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK KENDRICK,  
    Plaintiff,

vs.

WARDEN RONALD T. ERDOS, *et al*.,  
    Defendants.

Case No. 1:21-cv-266

Barrett, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).