UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Kendrick,

    Plaintiff,

        v.                                      Case No. 1:21-cv-00266

Warden Ronald T. Erdos, et al.,          Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's June 10, 2021, Report and Recommendation ("R&R") that the Court deny Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. 11). Plaintiff filed timely objections (Doc. 14), and later filed a Motion to Reconsider (Doc. 20) that the Court will deem an additional objection to the R&R.

### I. STANDARD OF REVIEW

With respect to non-dispositive matters, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," and when the Court receives timely objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the

reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

## II.   ANALYSIS

The Magistrate Judge completed a complete review of the record thus far with respect to Plaintiff's motion for injunctive relief and the same will not, and need not, be repeated herein. In short, the Magistrate Judge recommends that the Court deny Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order as Plaintiff has not alleged facts sufficient to warrant a preliminary injunction and the remedy that Plaintiff seeks is more than an injunction maintaining the status quo. (Doc. 11 PageID 212-13).

In his objections, Plaintiff first reiterates his request for "adequate law library access which," he asserts, "should includ[e] copies, legal clerks, legal books and access to computer[]s, notary service and a paralegal." (Doc. 14 PageID 261-62). The right of access to the courts is a fundamental constitutional right. *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). However, the fundamental right of access guarantees access to the courts, and does not necessarily guarantee access to an adequate prison law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985); *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003). As there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal

assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Rather, an inmate "must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* As of now, there is no dispute that Plaintiff has access to the law library, and Plaintiff's current request regarding the alleged inadequacies of that law library do not lead the Court to conclude that injunctive relief regarding that library is necessary.

Plaintiff next objects to the Magistrate Judge's finding that Plaintiff has not alleged facts sufficient to warrant a preliminary injunction. (Doc. 14 PageID 263); *see* (Doc. 11 PageID 212). However, Plaintiff's objections merely repeat his prior arguments found in, and redirect the Court to, his Motion for Preliminary Injunction and Temporary Restraining Order. *Compare* (Doc. 9), *with* (Doc. 14 PageID 263-67). Reiterating arguments that the Magistrate Judge considered and rejected and concluding that the Magistrate Judge erred in finding otherwise, without more, does not aid the Court in its analysis. *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

In Plaintiff's Motion to Reconsider, that the Court will evaluate as additional objections, he reiterates his objection to the Magistrate Judge's finding that he has not alleged facts sufficient to warrant a preliminary injunction. (Doc. 20 PageID 265-96); *see* (Doc. 11 PageID 212). However, he again redirects the Court to evidence that the Magistrate Judge already considered and then reiterates his request for injunctive relief related to his medical history. (Doc. 20 PageID 296) (citing (Doc. 6 PageID 172) (May 9,

3

2018, progress note for a vision examination listing Plaintiff's "medications" as "Albuterol 90 MCG/ACT Aerosol Solution as directed" and "Qvar 80 MCG/ACT Aerosol Solution 1 puff Twice a day")).

In both sets of objections, Plaintiff fails to acknowledge the Magistrate Judge's finding that injunctive relief is not proper because the remedy that Plaintiff seeks is more than an injunction maintaining the status quo. (Doc. 11 PageID 213).

Plaintiff's objections do not present any new argument in response to the recommendation found in the R&R and do not convince the Court that the Magistrate Judge erred. *See Aldrich*, 327 F. Supp. 2d. at 747 ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *cf. Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general disagreements with the Magistrate Judge fall short of the plaintiff's obligation to make specific objections to an R&R). In sum, the factual findings in the R&R are not clearly erroneous and the legal conclusions therein are not contrary to law. *See* FED. R. CIV. P. 72(a). Plaintiff's objections do not persuade the Court otherwise. The Court will adopt the R&R in its entirety.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's objections (Docs. 14, 20) are **OVERRULED**, the June 10, 2021, R&R (Doc. 11) is **ADOPTED**, and Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 9) is **DENIED** without prejudice.[1]

**IT IS SO ORDERED.**  _/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

---

[1] The Court is aware that another R&R is pending before it and notes that a separate Order regarding that R&R and objections thereto is forthcoming. *See* (Doc. 15) (Sept. 7, 2021 R&R); *see* (Doc. 30) (timely objections); (Doc. 33) (untimely objections). Additionally, Plaintiff's Motion for Default Judgment (Doc. 28) and motions regarding his legal mail and request for documents (Docs. 34, 35, 37) are currently with the newly assigned Magistrate Judge for additional R&Rs.