UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MARK KENDRICK, | : | Case No. 1:21-cv-266 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN RONALD T. ERDOS, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* inmate, has filed the underlying civil rights action. This matter is currently before the Court on the following motions filed by plaintiff: "Motion for Default Judgment" (Doc. 28); "Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail" (Doc. 34); "Motion Inquiry to Judge Barrett, an[d] Brief and Requests" (Doc. 35); and "Motion Inquir[y] and Request for Court Documents" (Doc. 37). For ease of reference, the motions are addressed in the order in which they were filed.

1. **Motion for Default Judgment (Doc. 28)**

In plaintiff's Motion for Default Judgment (Doc. 28), plaintiff requests that judgment be entered against defendants Erdos, Chambers-Smith, Joseph, Goodwin, Conley, and Ross for failure to answer or otherwise defend in the underlying matter. (Doc. 28, at PageID 330).

As an initial matter, in a Report and Recommendation that remains pending before the District Court, it has been recommended that the only claim in which defendant Joseph is named as a defendant (Count Four) be dismissed from this action. (*See* Doc. 15, at PageID 275, 278).

Plaintiff's motion for a default judgment to be entered against this defendant should therefore be denied.

Further, on December 8, 2021, the District Court entered a Notation Order granting defendants Erdos, Chambers-Smith, Goodwin, Conley, and Ross an extension of time to file an answer, move, or other plead until the Court rules on the pending Report and Recommendation (Doc. 15).

Accordingly, plaintiff's Motion for Default Judgment (Doc. 28) should be denied.

### 2. Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail (Doc. 34)

The undersigned understands plaintiff's "Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail" (Doc. 34) to be a second motion amend plaintiff's complaint. (*See* Doc. 34, at PageID 473 ("I request to add retaliation claims against John Doe Correctional Officers and Defendant Mahlman.")).

Plaintiff has raised the same or similar claims in another case in this Court. *See Kendrick v. Chamber-Smith, et al.*, Case No. 1:22-cv-170 (S.D. Ohio) (Doc. 1). Consistent with the Report and Recommendation filed in that case (Doc. 7), which addresses these claims, plaintiff's second motion to amend in this case should be denied as duplicative.[1]

Accordingly, plaintiff's second motion to amend, titled "Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail" (Doc. 34), should be denied.

---

[1] In Case No. 1:22-cv-170 (S.D. Ohio), plaintiff has been permitted to proceed at the screening stage with First and Eighth Amendment claims against two John Doe correctional officers and a First Amendment legal mail claim against defendant Erdos. *See* Case No. 1:22-cv-170 (S.D. Ohio) (Doc. 7, at PageID 58-59).

### 3. Motion Inquiry to Judge Barrett, and Brief and Requests (Doc. 35)

In document 35, plaintiff seeks rulings on various motions that he asserts are pending before the Court. (*See* Doc. 35, at PageID 498-99). The undersigned addresses these matters, with the exception of plaintiff's reference to objections that he has filed to the pending Report and Recommendation (Doc. 15), which the undersigned will leave for the District Court to address.

#### A. Request for Change of Venue

To the extent that plaintiff refers to a "request for change of venue," (Doc. 35, at PageID 498), plaintiff does not specify in which document he made this request. In any event, the undersigned in unaware of any basis upon which to find that venue is improper in this Court. 28 U.S.C. § 1391(b) provides that civil suits may be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought. Further, Local Rule 82.1 for the United States District Court for the Southern District of Ohio provides: "An action against a defendant or defendants resident in this District shall be filed at the location of Court that serves a county in which at least one defendant resides." S.D. Ohio Civ. R. 82.1(c).

Here, it appears that all of the defendants the action has been recommended to proceed against at this juncture except Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith reside in Lucasville, Ohio, and the alleged events giving rise to plaintiff's amended complaint occurred in Scioto County, which is served by the Western Division at Cincinnati, Ohio. *See* S.D. Ohio Civ. R. 82.1(b). Venue for the underlying action is therefore proper in this Court. *See* S.D. Ohio Civ. R. 82.1(c), (e).

To the extent that plaintiff's venue request is intended to challenge the referral of this matter to a Magistrate Judge (*see* Doc. 37, at PageID 509), the referral to the Magistrate Judge in this case is governed by 28 U.S.C. § 636(b)(1)(B) and (C), which does not require plaintiff's consent.

Accordingly, plaintiff's request for a change of venue should be denied.

### B. Request for Reconsideration for Preliminary Injunction and TRO

On March 31, 2022, the District Court denied without prejudice plaintiff's request for reconsideration of the denial of his motion for preliminary injunction and TRO. (Doc. 38, at PageID 520). This motion (Doc. 20) is therefore no longer pending before the District Court.

### C. Request to Add Claims of Retaliation and Interference and Invasion of Privacy

The undersigned understands plaintiff's "Request to Add Claims of Retaliation and Interference and Invasion of Privacy" (*see* Doc. 35, at PageID 499) to refer to his construed second motion to amend (Doc. 34) (*see supra*). For the reasons set forth above, this motion (Doc. 34) should be denied as duplicative because plaintiff has raised the same or similar claims in Case No. 1:22-cv-170 (S.D. Ohio), currently pending in this Court.

### D. Motion for Default Judgment pursuant to Rule 55

The undersigned understands plaintiff's "Motion for Default Judgment pursuant to Rule 55" (*see* Doc. 35, at PageID 499) to refer to his Motion for Default Judgment (Doc. 28) (*see supra*). For the reasons set forth above, this motion (Doc. 28) should be denied.

### E. Motion Rule 5.1 Constitutional Challenge to a Statute, Notice, Certification, and Intervention

The undersigned understands plaintiff reference to "Motion Rule 5.1 Constitutional Challenge to a Statute, Notice, Certification, and Intervention" (*see* Doc. 35, at PageID 499) to

refer to a "Brief Concerning a Constitutional Question and Notice" that plaintiff filed on November 29, 2021. (Doc. 29). This document was not filed as motion. Nevertheless, the undersigned will consider the document in this Report and Recommendation.

In Document 29, plaintiff appears to challenge the constitutionality of the Prison Litigation Reform Act (PLRA) exhaustions requirement. However, the Sixth Circuit has previously rejected such a challenge. *See Sarah v. Deshambo*, 67 F. App'x 346, 347 (6th Cir. 2003) ("[T]he PLRA has been deemed a constitutional measure enacted to reduce frivolous prison litigation.") (*citing Wilson v. Yaklich,* 148 F.3d 596, 604-05 (6th Cir.1998)). Plaintiff has not provided any basis for the Court to find that the PLRA exhaustion requirement infringes on his constitutional rights. *See id*. ("Accordingly, the PLRA exhaustion requirement does not impermissibly infringe on any of plaintiff's constitutional rights.").

Accordingly, any challenge by plaintiff to the PLRA exhaustion requirement should be denied.

      **F.**    **Request for Court Order to Protect Privileged Correspondence and Request for All Documents from October 2021 till Present Day.**

Plaintiff also appears to include new requests for an Order to protect privileged correspondence and for copies of "all documents" from October 2021 to the present. (*See* Doc. 35, at PageID 499).

To the extent that plaintiff requests an Order to protect privileged mail, the Court considers the following factors in determining whether to issue a preliminary injunction and/or temporary restraining order:

    1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

    2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3.   Whether an injunction will cause others to suffer substantial harm; and

    4.   Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is

entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has made no attempt to apply the above factors to his request. Moreover, plaintiff has raised his claims concerning the handling of his privileged mail in another action pending in this Court. *See* Case No. 1:22-cv-170 (S.D. Ohio). Plaintiff may file an appropriate motion concerning these claims in that case. Plaintiff's request for an Order to protect privileged mail should therefore be denied.

Next, to the extent that plaintiff is requesting copies of documents filed in this case, it is not clear what documents plaintiff is requesting. As such, the Court should deny plaintiff's request for copies without prejudice and direct the Clerk of Court to send plaintiff a copy of the docket sheet in this matter so that plaintiff may renew this request as appropriate with specific requests of the documents he seeks to be copied.

### 4. Motion Inquiry and Request for Court Documents (Doc. 37)

Plaintiff's Motion Inquiry and Request for Court Documents (Doc. 37) reasserts the matters plaintiff raises in document 35. Document 37 should therefore be denied as duplicative of the motion he filed in document 35.

**IT IS THEREFORE RECOMMENDED:**

1. That plaintiff's "Motion for Default Judgment" (Doc. 28) ; "Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail" (Doc. 34); "Motion Inquiry to Judge Barrett, an[d] Brief and Requests" (Doc. 35)[2]; and "Motion Inquir[y] and Request for Court Documents" (Doc. 37) be **DENIED**.

---

[2] As noted above, this motion (Doc. 35) remains pending before the Court to the extent it references plaintiff's objections to the pending Report and Recommendation (Doc. 15).

2. The **DENIAL** of plaintiff's request for documents filed in this case be **WITHOUT PREJUDICE** to renewal as appropriate with specific requests of the documents he seeks to be copied and that the **Clerk of Court** be **DIRECTED** to send plaintiff a copy of the Docket Sheet for this purpose.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**


June 14, 2022                                         *s/Peter B. Silvain, Jr.*
                                                     PETER B. SILVAIN, JR.
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MARK KENDRICK, | : Case No. 1:21-cv-266 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN RONALD T. ERDOS, *et al.*, | : |
| Defendants. | : |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).