UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Kendrick,

    Plaintiff,

        v.                                  Case No. 1:21-cv-00266

Warden Ronald T. Erdos, et al.,            Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's September 7, 2021 Report and Recommendation ("First R&R") (Doc. 15) and June 14, 2022 R&R ("Second R&R") (Doc. 42).

### I. STANDARD OF REVIEW

With respect to non-dispositive matters, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," and when the Court receives timely objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should

be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

Plaintiff filed this civil rights action as a self-represented, currently incarcerated prisoner against Defendants Erdos, Chambers-Smith, Mahlman, Green, Goodwin, Conley, Ross, Joseph, and Reuter—regarding events at the Southern Ohio Correctional Facility[1] ("SOCF")—pursuant to 42 U.S.C. § 1983. (Doc. 13). Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Tuttle v. Oklahoma City*, 471 U.S. 808 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001) (first citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998); and then citing *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992)).

### a. First R&R

The Magistrate Judge provided a complete review of Plaintiff's allegations in the Amended Complaint and the same will not be repeated herein. The Magistrate Judge

---

[1] Plaintiff was subsequently transferred to Ross Correctional Institution, where he now resides. (Doc. 32).

2

recommends permitting Plaintiff's Second Count[2] and Third Court,[3] regarding Defendants' alleged deliberate indifference regarding Plaintiff's medical care, to move forward and dismissing Plaintiff's First Count[4] and Fourth Count,[5] regarding Defendants' actions regarding SOCF's grievance procedures.

### i. First Set of Objections (Doc. 30)

Plaintiff first objects to the recommendation that his claims against any Defendant in his or her official capacity must be dismissed to the extent that Plaintiff seeks monetary damages. *Compare* (Doc. 15 PageID 276-77), *with* (Doc. 30 PageID 342, 347-49). Contrary to Plaintiff's objection otherwise, "[t]he Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has a waived its immunity." *Vick v. Core Civic*, 329 F. Supp. 3d 426, 447 (M.D. Tenn. 2018) (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)). Each Defendant in this matter is an employee of Ohio and any Defendant in this matter who is sued in his or her official capacity is entitled to Eleventh Amendment immunity unless Ohio has waived that immunity. *See id.* at 450.

---

[2] That Defendants Erdos and Chambers-Smith, in their official capacities only, Chambers-Smith, and Goodwin, in her individual capacity only, were deliberately indifferent by promulgating a policy or custom not to provide adequate medical care to inmates with documented medical conditions and to use psychotropic or other experimental drugs for the treatment of pain.

[3] That Defendants Conley and Ross, in their individual capacities only, were deliberately indifferent and negligent, under state law, by: prescribing medications for ailments that Plaintiff did not have, which caused injuries to Plaintiff; taking away his daily inhaler and continuing to deny that inhaler; denying Plaintiff an emergency inhaler; failing to properly investigate Plaintiff's alleged injuries through an MRI; and, as to Defendant Conley, by discontinuing the drug Imitrex for Plaintiff's migraines upon Plaintiff's arrival to SOCF.

[4] That Defendants Erdos, Chambers-Smith, and Mahlman were deliberately indifferent by promulgating policies or customs to obstruct Plaintiff's and other prisoners' access to the prison's grievance procedure.

[5] That Defendants Erdos, Greene, Mahlman, Joseph, Goodwin, and Reuter were deliberately indifferent, failed to protect Plaintiff, violated Plaintiff's due process rights, and denied him access to the courts by obstructing and failing to respond to Plaintiff's grievances.

Ohio has not waived that immunity, *see Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999), and Plaintiff may not claim damages against any individual Defendant in his or her official capacity. Plaintiff is correct that Eleventh Amendment immunity does not protect Defendants against damages claims in their individual capacities, but the Magistrate Judge did so find, hold, or recommend such protection. *Compare* (Doc. 15 PageID 276-77), *with* (Doc. 30 PageID 342, 347-49).

Plaintiff next objects to the Magistrate Judge's recommendations that Plaintiff's First Count and Fourth Count should each be dismissed. *Compare* (Doc. 15 PageID 277-79), *with* (Doc. 30 PageID 343, 349-66). As Plaintiff addresses his objections regarding his First and Fourth Counts in tandem, the Court will too. *See* (Doc. 30 PageID 343, 349-66).

A review of Plaintiff's First Count reveals Plaintiff's allegations against Defendants Erdos, Chambers-Smith, and Goodwin regarding their alleged development and maintenance of customs or policies that exhibit "deliberate indifference to the Constitutional rights of individuals held at SOCF." (Doc. 13 ¶¶ 56-58). Plaintiff then alleges both that "[i]t was the custom or policy to obstruct access to administrative remedies and deny meaningful assistance upon request in proper exhaustion of the grievance process to delay or stop prisoners from accessing the Court and to create opportunity for Defendants to have affirmative defense" and "[i]t was the custom or policy to fail to properly create and execute specific plans to deal with staff whom abuse and obstruct the grievance process." (*Id.* ¶¶ 59-60).

A review of Plaintiff's Fourth Count reveals Plaintiff's allegations against Defendants Erdos, Greene, Mahlman, Joseph, Goodwin, and Reuter regarding their

4

alleged "deliberate indifference, cruel and unusual punishment, failure to protect, obstruction of grievance procedure, abuse of process, denied due process, obstruction access to the Court" and violation of Plaintiff's "constitutional right." (Doc. 13 ¶¶ 78-80). Plaintiff then alleges different ways that these Defendants allegedly obstructed and abused the prison's grievance procedure "to stop Plaintiff from properly exhausting [his administrative remedies] thereby delaying Plaintiff from accessing the Court for 5 months." (*Id.* ¶ 85).

The Magistrate Judge recommends dismissal of Count One and Count Four, as inmates do not have a federal constitutional right to an effective grievance process. (Doc. 15 PageID 277-79).

In his objections, Plaintiff states that he is not arguing about "what rights an ineffective prison grievance systems allows [him] to have," and "is attempting to use" his rights under the Eighth and Fourteenth Amendments. (Doc. 30 PageID 352). However, Plaintiff fails to establish that he has an Eighth, Fourteenth, or any constitutional right relating to grievance procedures at SOCF. And, it is well-settled that a prisoner has neither a federal constitutional right to an effective grievance procedure nor a due process interest in having his grievances resolved or investigated to his satisfaction. *See, e.g.*, *Clement v. Macomb Corr. Facility*, No. 2:22-CV-10853, 2022 WL 2292720, at *2 (E.D. Mich. June 24, 2022) (collecting cases). Without a constitutional right to point to, Plaintiff cannot allege the denial of a constitutional right, a requirement for his claims under Section 1983. *See Monaco v. John Doe*, No. 2:22-CV-2888, 2022 WL 4291781, at *8 (S.D. Ohio Sept. 16, 2022).

5

Plaintiff also disagrees with the Magistrate Judge's holding that Count Four fails to the extent that Plaintiff alleges that, because of Defendants' alleged obstruction and abuse of the prison's grievance procedures, he is unable to exhaust his administrative remedies and unable *to file claims* in federal courts. *Compare* (Doc. 15 PageID 278-79), *with* (Doc. 30 PageID 352-54). The Magistrate Judge is correct. If an SOFC employee dismisses a non-frivolous grievance by a plaintiff, then that plaintiff can appeal that decision. *See Paolone v. Altiere*, No. 4:12-CV-1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012). When that plaintiff has no other remedies available to him to exhaust his grievance, a district court would then be able to hear a related federal claim, because all possible administrative remedies would have been attempted. *See id.* "A corrections officer therefore cannot prevent an inmate *from proceeding to court* by refusing to accept a grievance or an appeal." *Id.* (emphasis added).[6]

Finally, Plaintiff attaches 67 pages of exhibits to his first set of objections and asks the Court to review these exhibits as "evidence to support policies and/or customs that cause constitutional violations and documentation that Defendants were informed and failed to act." (Doc. 30 PageID 354-66); (Doc. 30-1). The Court will not do so. This is new evidence that was not presented to the Magistrate Judge at the time of the issuance of the First R&R. Plaintiff can refer to such evidence for the Court's consideration later.

---

[6] The merits of the question of whether Plaintiff properly exhausted Counts Two and Three against the remaining Defendants is not yet before the Magistrate Judge or the undersigned. *Cf. Wiley v. Kentucky Dep't of Corr.*, No. 19-5368, 2020 WL 12933851, at *3 (6th Cir. Aug. 25, 2020); *Ratliff v. Graves*, 761 F. App'x 565, 567 (6th Cir. 2019); *Freeman v. Headley*, No. 2:18-CV-00068, 2020 WL 1000338, at *4 (W.D. Mich. Feb. 6, 2020) (explaining that, in rare circumstances, prisoners will be excused from the Prison Litigation Reform Act's exhaustion requirement when the prisoner can show that (1) prison officials are unable or consistently unwilling to provide relief and the exhaustion procedures may have provided relief, or (2) "where prison administrators thwart inmates from taking advantage of a grievance [or other administrative] process through machination, misrepresentation, or intimidation." (citing *Ross v. Blake*, 578 U.S. 632, 643-44 (2016))).

### ii. Second Set of Objections (Doc. 33)

Although Plaintiff's second set of objections to the First R&R are untimely, the Court will review the arguments therein out of an abundance of caution. In short, though, Plaintiff's filing comprises his general disagreement with the Sixth Circuit's precedent regarding the dismissal of claims concerning prison grievance procedures at the screening stage and his allegations that this precedent improperly "protects" Defendant Mahlman from her alleged role in the alleged pattern of corruption regarding SOCF's grievance procedures. *See, e.g.*, (Doc. 33 PageID 451) ("Plaintiff has legitimate concerns about the precedent being used to dismiss sections of his claim that also protect Inspector Mahlman from litigation."). Plaintiff's general policy arguments provide no ground for this court to ignore binding Sixth Circuit precedent. To extent that he disagrees with the legal determinations made by the Court in this case regarding the dismissal of his claims regarding prison grievance procedures at the screening stage under current precedent, he is free to raise such disagreements in whatever avenues for appeal that he may have. *Cf. Breckenridge v. Turner*, No. CIV.A. 2:07-CV-988, 2008 WL 3200667, at *1 (S.D. Ohio Aug. 6, 2008), *report and recommendation adopted*, No. 2:07-CV-988, 2008 WL 4114543 (S.D. Ohio Aug. 28, 2008) ("Plaintiff argues that the exhaustion requirement of the PLRA is unconstitutional. However, the United States Supreme Court has upheld the exhaustion requirement of the PLRA on more than one occasion." (first citing *Jones v. Bock*, 549 U.S. 199 (2007); then citing *Woodford v. Ngo*, 548 U.S. 81 (2006); and then citing *Porter v. Nussle*, 534 U.S. 516 (2002))).

Plaintiff also states that, "[i]n this case there is a bit more than just a break down in [Defendant Mahlman]'s office services, and "[i]n light of [Defendant Mahlman]'s recent retaliation against Plaintiff and new evidence," "Plaintiff believes there to be union interference and an element of retaliation within portions of dismissed claims," and requests "an opportunity to amend and add retaliation to his [Amended] Complaint." (*Id.* PageID 455-56). However, "[a] prisoner cannot materially alter his complaint in his objections to a magistrate judge's screening report; he must seek leave to amend the complaint." *Frazier v. Kisor*, No. 19-12419, 2021 WL 3417920, at *4 (E.D. Mich. Aug. 5, 2021); *cf. Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483-84 (6th Cir. 2020) ("If plaintiffs believe that they need to supplement their complaint . . ., they have a readily available tool: a motion to amend the complaint under Rule 15 . . . Plaintiffs cannot . . . ask the court to consider new allegations (or evidence) not contained in the complaint."); *see* FED. R. CIV. P. 15(a).

### b. Second R&R

In the Second R&R, the Magistrate Judge recommends that the Court deny the following motions, each filed by Plaintiff: Motion for Default Judgment (Doc. 28); Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail (Doc. 34); Motion Inquiry to Judge Barrett, and Brief and Requests (Doc. 35); and Motion Inquiry and Request for Court Documents (Doc. 37).

Plaintiff first objects to the recommended denial of his Motion for Default Judgment. *Compare* (Doc. 42 PageID 531-32), *with* (Doc. 57 PageID 632-65); *see* (Doc. 28). The Court agrees with the Magistrate Judge that Plaintiff's Motion for Default Judgment is without merit and should be denied in light of the December 8, 2021 Notation Order

granting the Motion for an Extension of Time to Answer or Otherwise Plead, until after a ruling on Plaintiff's objections to the First R&R, filed by Defendants Erdos, Chambers-Smith, Goodwin, Ross, and Conley.

Even if the Court had not granted Defendants' Motion for an Extension of Time, the Court notes that Section 1997e(g)(2) of the Prison Litigation Reform Act "has been interpreted to mean that an incarcerated plaintiff is not entitled to default judgment against defendants that have been properly served or waived service and have not filed an answer or other response." *Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL 5629046, at *1 (E.D. Mich. June 22, 2021), *report and recommendation adopted*, No. 2:19-CV-12735-TGB-KGA, 2021 WL 5587339 (E.D. Mich. Nov. 30, 2021) (citing *Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (collecting cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012)); *accord Butler v. Pickell*, No. 1:21-CV-10817, 2022 WL 2835833, at *2 (E.D. Mich. July 20, 2022) (explaining that prisoners are essentially foreclosed from obtaining a default judgment under 42 U.S.C. § 1997e(g)(1)).

Plaintiff next objects to the recommended denial of the Notice of Constitutional Challenge under Rule 5.1(a) of the Federal Rules of Civil Procedure. *Compare* (Doc. 42 PageID 534-35), *with* (Doc. 57 PageID 632-65); *see* (Doc. 29). "[T]he purpose of Rule 5.1 is to ensure that the United States has the opportunity to intervene in any case in which a party files a pleading or other motion that calls into question the constitutionality of a federal statute." *Young v. Fox*, No. CV-20-65-H-CCL, 2020 WL 6162201, at *3 (D. Mont. Oct. 21, 2020). Plaintiff contends that the document that calls into question the constitutionality of the Prison Litigation Reform Act's exhaustion requirement is his

9

objections to the First R&R. (Doc. 29 PageID 337). However, for the reasons stated above, the Court will overrule that document and Plaintiff's arguments therein. And, under Rule 5.1(b), certification is only required "if the Court determines that it should consider Plaintiff's constitutional challenge." *Young*, 2020 WL 6162201, at *3. As the Court will not consider Plaintiff's constitutional challenge found in his first set of objections to the First R&R, certification is not required.

Plaintiff then objections to the recommended denial of the Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail. *Compare* (Doc. 42 PageID 532), *with* (Doc. 57 PageID 636); *see* (Doc. 34). However, Plaintiff's objections ignore the Magistrate Judge's reasoning found in the Second R&R and, instead, simply disagree with the fact that he had to file two lawsuits. The Court is not persuaded.

### III. CONCLUSION

For the foregoing reasons, and after the respective proper review under Rule 72, it is hereby **ORDERED** that the Court **OVERRULES** Plaintiff's Objections (Docs. 30, 33, 57) and **ADOPTS IN FULL both** the September 7, 2021 R&R (Doc. 15) and June 14, 2022 R&R (Doc. 42). Consistent with the recommendations in each R&R, it is further **ORDERED** that:

- the Amended Complaint (Doc. 13) is **DISMISSED with prejudice,** pursuant to 28 U.S.C. § 1915A(b)(1), with the exception of Plaintiff's Count Two against Defendants Chambers-Smith, in her official capacity, Erdos, in his official capacity, and Goodwin, in her individual capacity, and Plaintiff's Count Three against Defendants Conley and Ross, in their individual capacities;

- the Clerk of Court **SHALL** update this matter's docket sheet to reflect that Defendant Erdos is sued in his official capacity only;

- Defendants Erdos, Chambers-Smith, Goodwin, Conley, and Ross **SHALL** file their Answers within twenty-one (21) days of the date of the issuance of this Order;

- Plaintiff's Motion for Default Judgment (Doc. 28); Brief and Requests Due to Retaliation and Interference and Invasion of Privacy of Privileged Legal Mail (Doc. 34); Motion Inquiry to Judge Barrett, and Brief and Requests (Doc. 35); and Motion Inquiry and Request for Court Documents (Doc. 37) are **each DENIED**; and

- the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a), that an appeal of this Order would not be taken in good faith and thus **DENIES** Plaintiff leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

                                          _/s Michael R. Barrett_____
                                          Michael R. Barrett, Judge
                                          United States District Court