UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARK KENDRICK, | : | Case No. 1:21-cv-266 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN RONALD T. ERDOS, *et al.*, | : | |
| Defendants. | : | |

# ORDER
# and
# REPORT AND RECOMMENDATION[1]

Plaintiff Mark Kendrick, a prisoner at the Ross Correctional Institution, filed a *pro se* civil rights action under 42 U.S.C. § 1983 and Ohio state law. *See* Doc. #13. On September 7, 2021, the Court issued an Order and Report and Recommendation concluding that Plaintiff could proceed with his medical claims against Defendants Conley and Ross. (Doc. #15). Plaintiff was also permitted to proceed with his deliberate indifference claims against Defendants Chambers-Smith, Erdos, and Goodwin based on Plaintiff's allegations of an alleged policy or custom at Southern Ohio Correctional Facility to use psychotropic or other experimental drugs for the treatment of pain. *Id*. It was recommended that the remaining claims be dismissed for failure to state a claim upon which relief could be granted. *Id*. The Report and Recommendation was adopted by the Court on September 27, 2022. (Doc. #59).

This matter is now before the Court upon Plaintiff's "Motion Brief and request to Amend complaint" (Doc. #60); Defendants' Memorandum Opposing Plaintiff's Motion (Doc. #62);

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff's "Brief and motion request" (Doc. #63); Defendants' Memorandum Opposing Plaintiff's "Motion Request" (Doc. #64); Plaintiff's "Motion to reinstate dismissed defendants under O.R.C[.] 2921.45 (B) for conspiring to deprive Plaintiff of civil rights by fraudulent use of the Exhaustion Requirement of the Prison Litigation Reform Act. Motion Request to Supplement complaint to add O.R.C[.] 2921.45 (B) allegations against dismissed Defendants and Defendants. Motion Request to present all evidence pertaining to Exhaustion and obstruction of it by dismissed defendant and evidence of retaliation by Unit manager Oppy for consideration to add as defendant" (Doc. #66); Defendants' Memorandum Opposing Plaintiff's Combined Motions to Reinstate Dismissed Defendants and Supplement his Pleadings (Doc. #68).  Plaintiff makes several requests in his motions, and he makes some of his requests more than once.  Therefore, the undersigned will address Plaintiff's requests by category rather than by motion.

A.   **Motions to Amend and/or Supplement Complaint**

Plaintiff seeks to amend his Amended Complaint to add defendants and claims.  (Doc. #60, *PageID* #652); (Doc. #63, *PageID* #s 688, 694-96); (Doc. #66).  In one motion, Plaintiff indicates he "need[s] to totally restructure this complaint."  (Doc. #60, *PageID* #652).  In another motion, Plaintiff indicates that he wishes to supplement his Complaint and request class certification. (Doc. #63, *PageID* #694).  Additionally, Plaintiff seeks to add claims under Ohio Rev. Code § 2921.45(B) against both Defendants and Defendants who have been dismissed from this case.[2] (Doc. #66, *PageID* #731); *see also* Doc. #63, *PageID* #s 694, 711.

---

[2] Under Ohio Rev. Code § 2921.45(A), "[n]o public servant ... shall knowingly deprive, or conspire to attempt to deprive any person of a constitutional or statutory right."  Further, "[w]hoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree."  Ohio Rev. Code § 2921.45(B).  This Ohio criminal statute does not provide for a private cause of action.  *See Roane v. Warden, Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 4919972, at *3 (S.D. Ohio Oct. 4, 2022), *report and recommendation adopted sub nom. Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903 (S.D. Ohio Oct. 28, 2022); *Stewart v. Kahn*, Case No. 5:20-cv-2818, 2021 WL 2720618, at *3-4 (N.D. Ohio July 1, 2021).

However, Plaintiff does not sufficiently inform the Court how he intends to amend or supplement his Amended Complaint, and he did not include a proposed second amended complaint with his Motions. *See* Fed. R. Civ. P. 7(b). *Cf. Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) ("To meet the particularity requirements of Rule 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'") (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). Accordingly, Plaintiff's requests to amend his Amended Complaint are **DENIED** without prejudice.

If Plaintiff still seeks to amend his Amended Complaint, he is advised to file *one* motion to amend and include his *proposed* second amended complaint. Plaintiff is further advised that any second amended complaint must comply with the Federal Rules of Civil Procedure governing joinder of parties and claims. *See* Fed. R. Civ. P. 18, 19, 20. *See also Gresham v. Washington*, No. 1:15-cv-1067, 2016 WL 81696, at *7 (W.D. Mich. Jan. 6, 2016) (collecting cases) (noting that permitting a prisoner to assert unrelated claims against different defendants in the same action would undermine the PLRA's purpose of curbing frivolous prisoner filings and dilute the impact of the statute's fee payment and three-strikes provisions).

  **B.**  **Joinder**

Plaintiff asks the Court for "information on the joinder of cases [he] requested." (Doc. #63, *PageID* #686). He filed four previous motions in this case requesting joinder of this case with *Kendrick v. Chamber-Smith*, Case No. 1:22cv170 (Barrett, J.; Silvain, M.J.) (Mar. 31, 2022). (Doc. #s 41, 43, 52, 54). On February 10, 2023, the undersigned denied Plaintiff's Motions. (Doc. #65, *PageID* #s 720-22).

To the extent that Plaintiff is requesting his cases be joined again, his request is **DENIED** as duplicative.

3

  **C.**  **Legal Mail**

Plaintiff requests that the Court "put a stop to the violation of [his] legal mail providing an order to protect and request the clerk help me count the responses from the court dating back to October 2021." (Doc. #63, *PageID* #687). In his affidavit, he stated, "Every Document this Court Has sent me from Oct 2021 Has not been given Privileged Protection[,] opened outside my [presence], photocopied and Im not sure Im getting every thing I suppose to be getting[.]" *Id.* at 705. He also submitted an affidavit from his cellmate, Travis Smith. *Id.* at 707-08. Mr. Smith indicated that he has received Plaintiff's legal mail and that Plaintiff has complained about his mail missing pages. *Id.* at 707.

To the extent that Plaintiff requests an order to protect privileged mail, the Court considers the following factors in determining whether to issue a preliminary injunction and/or temporary restraining order:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of

the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has made no attempt to apply the above factors to his request. Moreover, Plaintiff has raised his claims concerning the handling of his privileged mail in another action pending in this Court. *See Kendrick v. Chamber-Smith*, Case No. 1:22cv170 (Barrett, J.; Silvain, M.J.) (Mar. 31, 2022). Plaintiff may file an appropriate motion concerning these claims in that case. Plaintiff's request for an order to protect privileged mail should therefore be **DENIED**.

Plaintiff also "request[s] the clerk help me count the responses from the court dating back to October 2021." (Doc. #63, *PageID* #687). Although it is not clear what Plaintiff is requesting, to the extent that Plaintiff is requesting a copy of the docket in order to check how many Orders

5

the Court has entered in this case, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket in this case.

      **D.**      **Law Library Access**

Plaintiff also requests "constitutionally adequate access to the law library." (Doc. #63, *PageID* #687); *see also* Doc. #63, *PageID* #s 704, 712. At the time he filed this request, his previous request for adequate law library access was still pending before the Court. (Doc. #54, *PageID* #594). On February 10, 2023, the undersigned recommended that Plaintiff's request, which was understood to be one for a preliminary injunction, be denied. (Doc. #65, *PageID* #s 725-29). District Judge Michael R. Barrett adopted the Report and Recommendations on March 9, 2023. (Doc. #67). Plaintiff has not presented any new evidence in support of his request. Accordingly, Plaintiff's request for "constitutionally adequate access to the law library" is **DENIED** as duplicative.

      **E.**      **Conclusion**

Plaintiff frequently requests the same relief in multiple motions. For example, as noted above, he requested to amend his Amended Complaint in three Motions. (Doc. #s 60, 63, 66). He previously requested joinder in four Motions. (Doc. #s 41, 43, 52, 54); *see* Doc. #65, *PageID* #s 720-22.

Plaintiff is cautioned that the continued filing of duplicative motions may result in sanctions. Plaintiff may seek relief in a motion without risking sanctions if he has not already sought the same relief in another motion.

**IT IS THEREFORE ORDERED THAT:**

1.     Plaintiff's "Motion Brief and request to Amend complaint" (Doc. #60) is **DENIED**;

2. Plaintiff's "Brief and motion request" (Doc. #63) is **DENIED**, in part, as set forth above;

3. Plaintiff's "Motion to reinstate dismissed defendants under O.R.C[.] 2921.45 (B) for conspiring to deprive Plaintiff of civil rights by fraudulent use of the Exhaustion Requirement of the Prison Litigation Reform Act. Motion Request to Supplement complaint to add O.R.C[.] 2921.45 (B) allegations against dismissed Defendants and Defendants.  Motion Request to present all evidence pertaining to Exhaustion and obstruction of it by dismissed defendant and evidence of retaliation by Unit manager Oppy for consideration to add as defendant" (Doc. #66) is **DENIED**; and

4. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket in this case.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's request for an order to protect privileged mail, as set forth in his "Brief and motion request" (Doc. #63), be **DENIED**; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

April 18, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).